IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY HEARN, SR. and DANA HEARN, husband and wife in their own right, and as parents and natural guardians of KYHNA HEARN and GREGORY HEARN, JR., their children, | : CIVIL ACTION<br>:<br>: NO.   02-CV-3525<br>:<br>:<br>: |
| Plaintiffs, | : HONORABLE JAY C. WALDMAN |
| vs. | : |
| PHILADELPHIA POLICE OFFICER BRIAN FUSS and PHILADELPHIA POLICE OFFICER JOHN FLYNN, | : |
| Defendants. | : |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

I.   PROPOSED STANDARD INSTRUCTIONS

    1.   Plaintiffs propose that the Court issue the following instructions from Devitt and Blacknan, *Federal Jury Practice and Instructions* (5th Ed.)(1997):

        (a)   Section 103.04 [Definition of "Under Color of State Law;" undisputed in this case that defendant acted under color of state law;

        (b)   Section 85.02 [No test for intangible items of Damage];

    2.   Plaintiffs propose that the Court issue its standard instructions on the following topics:

        (a)   Burden of Proof;

        (b)   Preponderance of the Evidence;

      (c)   Circumstantial Evidence;

      (d)   Testimony of Police Officers or Law Enforcement Personnel given no greater weight than that of ordinary witness; and

      (e)   Effect of Stipulated Facts.

II.  **SPECIFIC INSTRUCTIONS**

1.  Under all of the law and evidence of this case, I instruct you that your verdict must be for the plaintiffs Gregory Hearn, Sr., Dana Hearn, Gregory Hearn, Jr. and Kyhna Hearn.

2.   The plaintiffs have brought this suit to obtain relief for what they contend were violations of their rights under the United States Constitution, specifically, their right to be free from excessive force.

Section 1983 of Title 42 of the United States Code provides that any person may seek redress in this Court, by way of damages, against any person or persons, who, under color of law, deprive that person of his or her constitutional rights.

Amendments 4, 5 and 15, U.S. Constitution; *Monroe v. Pape*, 365 U.S. 167 (1961); 42 U.S.C. § 1983.

3. In order to find that the defendants violated plaintiffs' Constitutional rights, it is not necessary to find that they specifically intended to deprive the plaintiffs of those Constitutional rights. So long as the defendants intended their actions, they will be liable to the plaintiffs for any damages which result, if those actions resulted in the violation of plaintiffs' rights.

*Pierson v. Ray*, 386 U.S. 547 (1967)

    4.   The Fourth Amendment to the Constitution of the United states provides that "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized."

U. S. Const. Amend. IV.

    5.  Under the Constitution and §1983, a police officer is liable to individuals for damages caused by the officer's use of excessive force.  Force is excessive when the amount of force used exceeds what is "objectively reasonable".  "Objectively reasonable" means what a reasonable police officer would do under the

circumstances. An officer may only use the force necessary to overcome physical resistance or threatened force. Thus, if you find that, in their encounter with plaintiffs, the defendants used more force than was necessary under the standard I have just explained to you, you must find that the force was "excessive" and violated the plaintiffs' Constitutional rights.

Amendments 4 and 14, U.S. Constitution; *Graham v. Connor*, 490 U.S. 386 (1989); *Estate of Robert Cecil Smith v. Marasco*, 318 F.3d 497 (3d Cir. 2003).

6. An officer may only use force to overcome physical resistance or threatened force; where a suspect submits to an officer, the lack of need to use force makes <u>any</u> use of force, excessive and thus violative of the suspect's constitutional rights. Therefore, if you find that any of the defendants used force that was unreasonable or used any force at all when the plaintiffs offered no resistance, you must find that the force was "excessive" and violated the plaintiffs' Constitutional rights.

<u>Bauer v. Norris</u>, 713 F.2d 408 (8th Cir. 1983).

7. If you find by a preponderance of the evidence that either or both defendants violated the plaintiffs' constitutional rights, then plaintiffs will be entitled to money damages to compensate them for any harm which defendant's illegal conduct caused them to suffer.

8. In order to find that defendant's illegal conduct caused harm or injury to plaintiffs, you must find that that conduct was a substantial factor in bringing about the harm or injury. This is what the law recognizes as legal cause. A "substantial factor" is an actual, real factor, not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the injury. If you find that the defendant's conduct in violation of plaintiffs' constitutional rights was a substantial factor in causing the plaintiffs' injuries, you must find the defendant liable for those injuries, even if there were other causes of those injuries.

*Pa. SSJI 3.25*
*Whitner v. Lojeski*, 437 Pa. 448, 263 A.2nd 889 (1970); Federal Jury Practice and Instructions, §80.19.

9. There is a longstanding principle in the law which holds that the defendant takes the plaintiff as he finds him. In other words, defendant is liable for the full extent of plaintiff's injuries, even if the plaintiff's physical condition makes his injury greater than the defendant could have foreseen as the probable result of defendant's conduct. If you find that plaintiff Gregory Hearn, Sr. had a pre-existing physical condition which resulted in his injuries being greater than those the average person would have suffered in this incident, you must nonetheless award him damages for the full extent of his injuries.

<u>Restatement of Torts</u>, Second, Section 461.

10. If you find that defendants violated plaintiffs' constitutional rights, you must award the plaintiffs compensatory damages for any of the following harms, past, present and future, which plaintiffs proved to you by a preponderance of the evidence were caused by defendants' acts:

   (a) any physical harm suffered as a result of excessive force, including any harm they can be reasonably expected to suffer in the future from physical pain, mental anguish, discomfort, inconvenience and distress;

   (b) any past, present and future loss of plaintiffs' ability to enjoy any of the pleasures of life and plaintiffs' inability after their injuries to enjoy what they were able to enjoy before they suffered their injuries;

   (c) any emotional harm suffered by the plaintiffs, including emotional distress, humiliation, personal indignity, embarrassment, fear and/or anxiety;

   (d) any economic damages suffered from their injuries including medical expenses.

11. A plaintiff is entitled to damages to compensate her for any loss of his or her spouse's consortium, services and companionship which results from harm caused by the defendant. "Consortium, services and companionship" includes the care, affection, sexual relations, and even help around the house given by the spouse. In other words, it means the things that make a

husband or wife a good spouse.  If you find that, as a result of injuries to Gregory Hearn, Sr. caused by defendants' actions, Dana Hearn suffered a detriment to the consortium, service and companionship of the other, you must award her a sum of money sufficient to compensate for the loss.

*Hopkins v. Blanco*, 457 Pa. 90, 320 A.2d 139 (1974).

12. If you award either nominal or compensatory damages to the plaintiffs, then you may also assess punitive or "exemplary" damages against the defendants. The purpose of such damages is twofold:

(a) to punish the defendant, and

(b) to deter the defendant and others from committing similar acts in the future by "setting an example."

You may award punitive or exemplary damages against the defendants if you find by a preponderance of the evidence that they acted with an evil motive, or with a reckless indifference to the plaintiffs' Constitutional rights.

In everyday language "reckless indifference to the plaintiffs' rights" means "just not giving a damn" about plaintiffs' rights or about what might happen to them as a result of defendants' conduct.

You must use reason in setting the amount of exemplary damages. They should be in an amount sufficient to fulfill their purposes, but should not be the product of bias, prejudice or sympathy.

*Smith v. Wade,* 461 U.S. 30, 46-7 (1983); *Glover v. Alabama D.O.C.,* 734 F.2d 691 (11th Cir. 1984); *Keenan v. Philadelphia*, 983 F.2d 459 (3rd Cir. 1992); *Bordanaro v. McLeod*, 871 F.2d 1151, 1164 (1st Cir. 1989).