```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GREGORY HEARN, SR. and DANA          :    CIVIL ACTION
HEARN, husband and wife in           :
their own right, and as parents      :    NO.   02-CV-3525
and natural guardians of KYHNA       :
HEARN and GREGORY HEARN, JR.,        :
their children,                      :
                                     :
                   Plaintiffs,       :    HONORABLE JAY C. WALDMAN
                                     :
         vs.                         :
                                     :
PHILADELPHIA POLICE OFFICER BRIAN    :
FUSS and PHILADELPHIA POLICE         :
OFFICER JOHN FLYNN,                  :
                                     :
                   Defendants.       :
```

### PLAINTIFF'S TRIAL BRIEF

Plaintiffs in this case claim that defendant Philadelphia Police Officers violated plaintiffs' constitutional rights. No unusual or complex legal issues are presented.

There is no question that, on the evening of June 4, 2001, plaintiff Gregory Hearn, Sr. was "seized" within the meaning of the Fourth Amendment. To constitute a seizure of the person, there must be the application of physical force, however slight. California v. Hodari D., 499 U.S. 621 (1991). Although the parties' testimony regarding events that evening differ in particulars, it is undisputed that officer Fuss grabbed Mr. Hearn's arm, and that they both ended up on the porch floor, whereupon Fuss patted down Hearn and found no weapon. Under Hodari and its progeny, Fuss clearly "seized" Hearn.

Once a seizure is determined, the claim that Police Officers used excessive force in the course of the seizure must be analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham V. Connor, 490 U.S. 386 (1989). Whether an officer's conduct was objectively reasonable is determined by facts and circumstances confronting him at the time; his subjective intent is not relevant. Estate of Smith v. Maraso, 318 F.3rd 497, 2003 U.S. App. LEXIS 1432, 44 (3rd Cir. 2003).

In the present case, neither Flynn nor Fuss found any physical evidence that Gregory Hearn, Sr. was engaged in any illegal conduct when they arrived at the Hearns' home. Although the defendants were investigating a complaint of gunshots, the officers did not report the smell of gunsmoke; neither did they find the "shell casing" reportedly seen by Officer Fuss, or any other evidence that a gun had been fired. In addition, they found no gun on Gregory Hearn's person. In fact, no charges of any sort were ever brought against Gregory Hearn, Sr. or his family. The defendants had no objectively reasonable basis to use any amount force against Mr. Hearn.

Under Hodari and Graham, defendants' conduct clearly constituted a seizure of Gregory Hearn, Sr., accompanied by excessive force, because defendants' actions were not "objectively reasonable".

                                              Respectfully submitted,

                                              _____
Gerald J. Grant, Jr., Esquire
WILLIAMS, CUKER & BEREZOFSKY
Attorney I.D. # 85337
1617 J.F.K. Boulevard, Suite 800
Philadelphia, PA 19103-1895
(215) 557-0099
Attorney for Plaintiffs

Dated:

F:\DATA\HEARN\PLEADING\pltf's.trial.brief.wpd