**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY HEARN, SR. and DANA HEARN, husband and wife in their own right, and as parents and natural guardians of KYHNA HEARN and GREGORY HEARN, JR., their children, | : : : : : : : | CIVIL ACTION<br><br>NO.   02-CV-3525 |
| Plaintiffs, | : : | HONORABLE JAY C. WALDMAN |
| vs. | : : | |
| PHILADELPHIA POLICE OFFICER BRIAN FUSS and PHILADELPHIA POLICE OFFICER JOHN FLYNN, | : : : : | |
| Defendants. | : | |

**PLAINTIFFS' PRETRIAL MEMORANDUM**

**1.   JURISDICTION AND NATURE OF THE ACTION**

This is an action for money damages pursuant to 42 U.S.C. §1983, arising from the violation of rights guaranteed to plaintiffs by the Constitution of the United States. Jurisdiction is vested in this Court under 28 U.S.C. §1331, by virtue of the existence of a federal question.

**2.   STATEMENT OF FACTS**

On June 3, 2001, at approximately 10:30 p.m., after sitting on the porch of their home, plaintiffs went inside to retire for the evening. Gregory Hearn, Sr., returned briefly to the porch to

gather his children's shoes and toys. As Gregory Hearn, Sr. re-entered the home, defendant Brian Fuss, a Philadelphia Police Officer, without legal cause or provocation, suddenly entered the porch, uninvited and unannounced. Fuss seized Gregory Hearn, Sr. by the arm, roughly spun him around, and slammed him violently onto the porch.  Fuss then physically grabbed Gregory Hearn, Sr. while he lay on the ground, roughly turned him on his back, and searched his person, demanding that Hearn surrender "the gun." Officer Fuss and his co-defendant Officer John Flynn had been dispatched to the Hearns' neighborhood following a complaint of gunshots.  But Gregory Hearn had not fired any gun on June 3, 2001. Neither Fuss nor Flynn had probable cause to believe that Mr. Hearn was engaged in any illegal conduct when Fuss entered the Hearn household.

 As Fuss seized Gregory Hearn, Sr., Flynn blocked the Hearns' front door, preventing Dana Hearn from offering any assistance to her injured husband.  Flynn made no effort to prevent or stop Fuss's mistreatment of Gregory Hearn, Sr., Gregory Hearn, Sr. offered no resistance to either defendant officer.

 At no time did defendants Flynn or Fuss, or any other police officer or authority, find any physical evidence that Gregory Hearn, Sr. was engaged in any illegal conduct when they arrived at the Hearns' home. Defendants' encounter with Gregory Hearn, Sr. was in view of his wife and children, who have undergone psychological treatment as a result.

Plaintiff Gregory Hearn, Sr. sustained multiple physical injuries, including an avulsion fracture of his left knee, with a 90% tear of his left quadriceps tendon, a 75% tear of the quadriceps tendon of his right leg, and a severe tear of the triceps muscle near his right elbow, all accompanied by severe bruising, swelling, and extreme physical pain and suffering. These injuries required surgical repair and a post-operative course of physical therapy.

3. **MONETARY DAMAGES**

In addition to seeking compensation for their emotional distress and other damages incapable of liquidation, plaintiffs claim special damages in the following amounts:

- Gregory Hearn, Sr.

    | | |
    |---|---|
    | Thomas Jefferson Univ. Hosp. | $43,293.28 |
    | Eric Hume, M.D. | $ 5,000.00 |
    | Magee Rehabilitation Hosp. | $ 2,542.00 |

- Hearn family

    | | |
    |---|---|
    | Brian Raditz, Ed.D. | $13,828.00 |

Plaintiff will also seek an award of exemplary damages against defendants. In addition, pursuant to 42 U.S.C. § 1988, should plaintiffs prevail at trial, they will seek an award of counsel fees and litigations costs, the amount of which will be submitted at the appropriate time.

4. **WITNESSES**

   Plaintiffs will or may call the following witnesses:

   - Any witness identified by defendant.

   - Plaintiffs Gregory Hearn, Sr., Dana, Kyhna and Gregory Hearn, Jr.
     2745 S. Sheridan Street,
     Philadelphia, PA

   - Defendants Brian Fuss and John Flynn

   - Dr. Eric Hume
     Cooper Hospital/University Medical Center
     Three Cooper Plaza, Suite 411
     Camden, New Jersey 08103

   - Brian Raditz, Ed.D.
     Mental Health Associates
     P.O. Box 2256
     Philadelphia, PA 19103

   - Custodian of Records, Magee Rehabitation Hospital [unless parties stipulate to authenticity and admissibility of relevant Magee bills and records.

   Plaintiffs reserve the right to supplement this list in advance of trial.

5. **EXHIBITS**

   See attached list. In addition, plaintiffs may introduce any exhibit identified by defendant.

6. **ESTIMATED NUMBER OF TRIAL DAYS**

   3 days.

7. **SUMMARY OF LEGAL ISSUES**

   There are no unusual or complex legal issues in this case.

The central issue to be determined is whether defendants' violated plaintiffs' constitutional rights.

## 8. REQUESTED STIPULATION

Plaintiffs request a stipulation that all exhibits and copies thereof are authentic.

Respectfully submitted,

_____
Gerald J. Grant, Jr., Esquire
WILLIAMS, CUKER & BEREZOFSKY
Attorney I.D. # 85337
1617 J.F.K. Boulevard, Suite 800
Philadelphia, PA 19103-1895
(215) 557-0099
Attorney for Plaintiffs

Dated:    April 25, 2003

F:\DATA\HEARN\PLEADING\pretrialmemo.wpd