IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY HEARN, SR. and DANA HEARN, husband and wife in their own right, and as parents and natural guardians of KYHNA HEARN and GREGORY HEARN, JR., their children, | : : : : : : | CIVIL ACTION |
| Plaintiffs, | : : : | HONORABLE |
| vs. | : : | |
| PHILADELPHIA POLICE OFFICER BRIAN FUSS and PHILADELPHIA POLICE OFFICER JOHN FLYNN, | : : : : | |
| Defendants. | : | NO. 02-3525 |

**PLAINTIFF'S BRIEF ON DAMAGES PURSUANT TO 42 USC §1983**

Plaintiff Dana Hearn lives with her husband, plaintiff Gregory Hearn Sr. and children, minor plaintiffs Kyhna Hearn and Gregory Hearn, Jr. All plaintiffs were present the night defendants entered their home without a warrant and violently mistreated Gregory Hearn Sr. Dana Hearn and her children were shocked, traumatized and subjected to great fear and terror as a result of defendant's conduct. In accordance with well established Third Circuit precedent, Dana Hearn now makes a claim for damages due to the violation of her Fourteenth Amendment liberty interest in the maintenance and integrity of her family relationship. She also joins her children in making a claim for emotional distress damages arising from defendants' unlawful entry into their home.

I. **ARGUMENT**

§1983 is intended to deter lawless conduct perpetrated under color of state law. Monroe v. Pape, 365 U.S. 167, 174-175 (1961). Section 1983 does not by itself grant any substantive rights,

but rather provides a remedy for the deprivation of constitutional and federal rights. West v. Atkins, 487 U.S. 42, 48 (1988).

It has been held that a spouse, like Dana Hearn, cannot bring a §1983 claim resting solely on violations of her husband's constitutional rights.  See Pahle v. Colebrookdale Township, 227 F.Supp 2d, 361, 381 (E.D. Pa 2002) and the cases cited therein.  However, certain courts have allowed co-plaintiffs to bring consortium-type §1983 claims for violations of their own constitutional rights.  Third Circuit courts have consistently followed the Seventh Circuit's reasoning in Bell v. City of Milwaukee, 746 F.2d 1205, 1244 (7th Cir. 1984), which held that a father may assert a §1983 claim for violations of his own liberty interest in the companionship of his son following his son's death at the hands of state actors.  In Estate of Bailey v. County of York, 768 F.2d 503, 509 FN7 (3rd Cir. 1985) (overruled on other grounds), the court indicated that a father was entitled to assert section 1983 claims for violations of the father's constitutional rights arising from his child's death in a county youth services center.  And the court in Estate of Cooper v. Leamer, 705 F.Supp. 1081 (M.D. Pa 1989) held that the parents of a child who was killed during the execution of an arrest warrant had a viable claim based on their constitutional right to the companionship, custody, care and management of their child.  The Cooper court further held that "(i)n light of Bailey, Bell, and not the prior District Court decisions in this circuit, reflects the Third Circuit's view of parents' constitutional rights to the companionship of their children." Id. at 1089.

The Bailey holding was further extended by the Pahle court, which decided that the rights between parents and children found in Bailey and Cooper also logically applied to spouses.  Citing the importance of the marital relationship recognized in Maynard v. Hill, 125 U.S. 190 (1888) and Griswold v. Connecticut, 381 U.S. 479 (1965), the Pahle court held that Mrs. Pahle could have

alleged that the defendant police officers incurred §1983 liability by interfering directly with her constitutional rights to marital integrity and spousal association when they allegedly used excessive force in arresting her husband.  Pahle at 382, 383.

While recognizing a split in the Circuits nationally, the Pahle court believed that it was "obligated" to apply the Bell/Bailey reasoning to a situation where the wife's constitutional right to her husband's services and association was deprived by government action, and held that "spouses possess a liberty interest under the Due Process Clause which entitles them to pursue happy, intimate association free from government intrusion." Id.

Dana Hearn's section 1983 claim is in accordance with the reasoning of the Bell, Bailey and Pahle courts. She was deprived of her husband's services and association when he suffered two broken knees, and attendant psychological damage, as a result of defendant police officers' use of excessive force.  Her claim for damages is made pursuant to violations of her own substantive due process rights under the Fourteenth Amendment.  See Complaint, paragraph 36.  Hers is not a garden variety allegation of loss of consortium – a derivative claim under state law.  Rather, it is a direct constitutional claim made consistent with Third Circuit jurisprudence. Defendants' conduct severely injured her husband, thereby impairing her right to his services and companionship, and she is entitled to claim damages under §1983.

Dana Hearn also brings a §1983 claim for damages stemming from the violation of her right to be free of unwarranted intrusions into her home, pursuant to the Fourth and Fourteenth Amendments.

Dana Hearn lived at home with her husband and children, and was present the night defendants entered her home and violently mistreated Gregory Hearn Sr.  As averred in paragraph

21 of the complaint, Dana and her children were shocked, traumatized and subjected to great fear and terror as a result of defendants' intrusion into their home.

It is well established that a plaintiff may bring a section 1983 claim for emotional distress damages for violation of her constitutional rights. See Carey v. Piphus, 435 U.S. 247 (1978); Bolden v. Southeastern Pennsylvania Transportation Authority, 21 F.3d 29 (3rd Cir. 1994). Plaintiff may also recover any damages which flow from the deprivation of her constitutional rights.

As discussed above, minor plaintiffs Kyhna Hearn and Gregory Hearn Jr. were at home with their parents when defendants entered unlawfully and severely injured their father. Accordingly, each has a claim for violation of the right to be free of unlawful intrusion into their home.

## II.    CONCLUSION

In accordance with well established Third Circuit precedent, Dana Hearn makes a proper claim for damages due to the violation of her Fourteenth Amendment liberty interest in the maintenance and integrity of her family relationship. She also joins her children in making a claim for emotional distress damages arising from defendants' unlawful entry into their home.

RESPECTFULLY SUBMITTED,

**WILLIAMS CUKER & BEREZOFSKY**

By: _____
GERALD J. GRANT, JR., ESQUIRE
Attorney for Plaintiffs

4