IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY HEARN, SR. and DANA HEARN, husband and wife in their own right, and as parents and natural guardians of KYHNA HEARN and GREGORY HEARN, JR., their children, | : : : : : : | CIVIL ACTION |
| | : | NO. 02-3525 |
| Plaintiffs, | : : | |
| vs. | : : | |
| PHILADELPHIA POLICE OFFICER BRIAN FUSS and PHILADELPHIA POLICE OFFICER JOHN FLYNN, | : : : : | |
| Defendants. | : | |

**PETITION FOR LEAVE TO SETTLE OR COMPROMISE MINORS' ACTION**

TO THE HONORABLE JUDGES OF THE SAID COURT:

The petitioners, Kyhna Hearn and Gregory Hearn, Jr., by their parents and natural guardians, Gregory Hearn, Sr. and Dana Hearn, aver as follows:

1.  Adult petitioners are plaintiffs herein and the parents and natural guardians of the above-named minor plaintiffs.

2.  Minor plaintiffs presently reside with their parents at 2745 South Sheridan Street, Philadelphia, PA.

3.  Defendants Brian Fuss and John Flynn are police officers employed by the City of Philadelphia.

4. On June 3, 2001, defendants entered plaintiffs' home without a warrant and violently mistreated Gregory Hearn, Sr. in the presence of Dana Hearn and the minor plaintiffs.

5. On May 31, 2002, plaintiffs' filed the instant action for damages arising from the violation of their constitutional rights, pursuant to 42 U.S.C. §1983.

6. Plaintiffs' complaint averred that the minor plaintiffs were subjected to emotional distress as a result of defendants' conduct, and that minor plaintiffs underwent psychological counseling as a result thereof.

7. Plaintiffs and defendants have now reached an agreement on the terms of settlement of the action which includes payment of a lump sum of $75,000.00 to the plaintiffs.

8. The minor plaintiffs' parents have approved the terms of the settlement, and agree that minor plaintiffs Kyhna Hearn and Gregory Hearn, Jr. should each receive $2,000.00 in exchange for the release of their claims against defendants.

9. Minor plaintiffs did not suffer any bodily injury as a result of defendants' conduct.

10. Minor plaintiff Kyhna Hearn was discharged from psychological counseling on October 7, 2001. Her counselor determined that she had reached the maximum benefit of her

treatment, and that her prognosis was good. See report of Mental Health Associates, attached hereto as Exhibit "A".

11. Minor plaintiff Gregory Hearn, Jr. was discharged from psychological counseling on November 30, 2001. His counselor determined that he had reached the maximum benefit of his treatment, and that his prognosis was good. See report of Mental Health Associates, attached hereto as Exhibit "B".

12. Counsel is of the professional opinion that the proposed settlement is reasonable because the minor plaintiffs suffered no bodily injury, and because each has reached he maximum benefit of psychological counseling with a prognosis of "good".

13. Counsel does not request any fee from the portion of this settlement payable to the minors.

14. Counsel fees and litigation costs will be deducted from the lump sum payment to plaintiffs.

15. Plaintiffs' counsel has agreed to pay $5,000.00 out of the total settlement to Mental Health Associates in full payment of the cost of psychological counseling for all plaintiffs.

16.    Plaintiff's counsel has also agreed to reimburse Medicare out of the total settlement for $4,722.62 for medical bills of plaintiff Gregory Hearn, Sr.

17.    Plaintiffs' counsel has also agreed to reimburse the Department of Public Welfare $608.00 from the total settlement in payment of DPW's outstanding lien.

**WHEREFORE**, petitioners request that they be permitted to entering into the settlement recited above and that the Court enter an order of distribution as follows:

A.    Khyna Hearn

To Khyna Hearn, a minor, in a federally insured interest-bearing account, marked not to be withdrawn before the minor reaches the age of majority or upon prior leave of the Court    $2,000.00

B.    Gregory Hearn, Jr.

To Gregory Hearn, Jr. a minor, in a federally insured interest-bearing account, marked not to be withdrawn before the minor reaches the age of majority or upon prior leave of the Court    $2,000.00

A proposed form of Order is attached.

RESPECTFULLY SUBMITTED,

_____
GERALD J. GRANT, JR., ESQUIRE
**Williams Cuker & Berezofsky**
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1819
(215) 557-0099
Counsel for Plaintiffs

Dated: January 22, 2004