## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY HEARN, SR. and DANA
HEARN, husband and wife in their own
right, and as parents and natural
guardians of KYHNA HEARN and
GREGORY HEARN, JR., their children,

        Plaintiffs

    v.

PHILADELPHIA POLICE OFFICER
BRIAN FUSS and PHILADELPHIA
POLICE OFFICER JOHN FLYNN,

        Defendants

CIVIL ACTION

No. 02-3525

## MEMORANDUM

February __, 2004

Gregory Hearn, Sr. and Dana Hearn brought his action under 42 U.S.C. § 1983 on their own behalf and as parents and natural guardians of Kyhna Hearn and Gregory Hearn, Jr. ("the minor plaintiffs"). The Hearns alleged that on June 3, 2001, defendants Brian Fuss and John Flynn, both officers of the Philadelphia Police Department, entered the Hearns' home and used excessive force against Gregory Hearn, Sr. in the presence of Dana Hearn and the minor plaintiffs.

The parties have now reached agreement on terms of settlement of the action,

which includes the settlement of the minor plaintiffs' claims under the Fourth and

Fourteenth Amendments.  Pursuant to Local Rule of Civil Procedure 41.2, Gregory

Hearn, Sr. and Dana Hearn, on behalf of the minor plaintiffs, have filed an unopposed

petition for leave to compromise the minor plaintiffs' claims.

Local Rule 41.2 requires court approval of the settlement of a minor's claim and

any distribution of funds created by that settlement, including attorneys' fees.  In a federal

civil rights action, the court looks to state law to determine the fairness of a minor's

compromise.  *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 669 (E.D. Pa.

2000).  Under Pennsylvania law, the court must determine that the best interests of the

minors are paramount and of controlling importance.  *Collier v. Dailey*, No. Civ.A. 98-

3261, 1998 WL 666036, at *1 (E.D. Pa Sept. 24, 1998) (interpreting Pa. R. Civ. P. 2039).

In conducting its review, the court is mindful that "the parties and counsel are usually in

the best position to evaluate the settlement; their judgments are entitled to considerable

weight."  *Chambers v. Hiller*, No. Civ.A. 88-3128, 1988 WL 130679, at *2 (E.D. Pa.

Dec. 2, 1988).

In this action, the minor plaintiffs sought damages for emotional distress

purportedly suffered as a result of viewing the defendants' alleged mistreatment of their

father in their home.  The minor plaintiffs received psychological counseling after the

incident, and, having reached the maximum benefit of their treatment, both were

discharged in late 2001 with a prognosis of "good."

The total proposed settlement includes the payment of a lump sum of $75,000 by the defendants to the plaintiffs.  Included in this lump sum is $2,000 to be paid to each of the minor plaintiffs in exchange for the release of their claims.  The $2,000 sum for each minor plaintiff is to be deposited in a federally insured interest-bearing account, marked not to be withdrawn before the minor plaintiff reaches the age of majority, or upon prior leave of the court.  Counsel will not receive any fee from the portion of the settlement payable to the minor plaintiffs.

Based on the representations in plaintiffs' petition, and the stated approval of the minor plaintiffs' parents, the court finds the settlement to be fair, reasonable, and in the best interests of the minor plaintiffs.  An appropriate order follows.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY HEARN, SR. and DANA
HEARN, husband and wife in their own
right, and as parents and natural
guardians of KYHNA HEARN and
GREGORY HEARN, JR., their children,

             Plaintiffs

    v.

PHILADELPHIA POLICE OFFICER
BRIAN FUSS and PHILADELPHIA
POLICE OFFICER JOHN FLYNN,

             Defendants

CIVIL ACTION

No. 02-3525

## ORDER

      AND NOW, this ___ day of February, 2004, upon consideration of the unopposed

Petition for Leave to Settle or Compromise Minors' Action, it is hereby ORDERED that

Gregory Hearn Sr. and Dana Hearn are authorized to enter into a settlement of the above-

captioned matter with defendants Brian Fuss and John Flynn on behalf of their minor

children Kyhna Hearn and Gregory Hearn, Jr. for the sum of $4,000.  Defendants shall

forward all settlement drafts or checks to plaintiffs' counsel for proper distribution.

IT IS FURTHER ORDERED that the settlement proceeds be allocated as follows:

(1)    To Kyhna Hearn, a minor, in a federally insured interest-bearing account, marked not to be withdrawn before the minor reaches the age of majority or upon prior leave of the court:  $2,000.

(2)    To Gregory Hearn, Jr., a minor, in a federally insured interest-bearing account, marked not to be withdrawn before the minor reaches the age of majority or upon prior leave of the court:  $2,000.

_____

Pollak, J.

-2-